IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


ROBERT LANCE NASH, # 248240,   :
                               :
     Plaintiff,                :
                               :
vs.                            :   CIVIL ACTION
                               :   No. 05-00464-WS-B
                               :
JAMES B. JOHNSON,              :
                               :
     Defendant.                :


<u>REPORT AND RECOMMENDATION</u>


Plaintiff, a Baldwin County Corrections Center ("BCCC") inmate proceeding <u>pro</u> <u>se</u> and <u>in forma pauperis</u>, filed a Complaint alleging violations under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  Based upon a careful review of Plaintiff's Complaint (Doc. 23), it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

**I.  Complaint (Doc. 23).**

In an Order dated June 8, 2006 (Doc. 22), the Court directed Plaintiff to refile his Complaint because he did not complete the complaint form or provide a short and plain statements of his

claims. (Doc. 22) Plaintiff was given instructions for completing the complaint form, and was advised that his complaint would supersede his prior filings and would be screened under § 1915(e)(2)(B) for dismissal. (Id.)

The revised Complaint (Doc. 23)filed by Plaintiff is brief. Plaintiff names James B. Johnson as the sole Defendant in the style of the action; however, he is not mentioned in Section III as required by the form. (Doc. 23) Due to the brevity of Plaintiff's allegations, they are set forth below:

> Via James B. Johnson intentionally false allegation(s) are/was lodged against this complaintant, attached is excessive bail and no bail, complaintant unavoidably incarcerated worse than nineteen months. James B. Johnson by and through applicable court will/does and will not provide inmate listed legal materials. Over crowding (put on floor for sleep) housing inmates sentenced with non-sentenced and federal with non- federal inmates. BCCC grievance procedure form inadequate /obsolete for ineffect during bad weather/power outage we were locked in cell without ventilation. James B. Johnson and applicable court's judge are occult/mason. BCCC medical request form inadequate allows BCCC ignore them and the inmate no proof of the ignore.

For relief, Plaintiff seeks $12.5 million.

## II. Standards of Review Under 28 U.S.C. 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court

2

is required to review his revised Complaint under 28 U.S.C. §1915(e)(2)(B).[1] Under §1915(e)(2)(B)(I), a claim may be dismissed as frivolous where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id. Judges are accorded not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.

Moreover, a complaint may be dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that §1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

3

## III.   Discussion.

### A.   Claims Based on His Criminal Proceedings.

As noted supra, in the Court's Order dated June 8, 2006 (Doc. 22), Plaintiff was cautioned regarding the deficiencies contained in his pleadings, including his attempt to bring unrelated claims, such as claims challenging his criminal proceedings along with claims challenging his conditions of confinement.   Plaintiff was expressly advised that unrelated claims should be brought in a separate action; however, in his revised Complaint which is before the Court, Plaintiff has persisted in filing unrelated claims and claims which are lacking in factual support. (Docs. 22, 23) Initially, Plaintiff complains about his criminal proceedings in a vague and conclusory manner by alleging that "a false allegation" was lodged against him to which was "attached . . . excessive bail and no bail," which in turn caused him to be incarcerated nineteen months. These vague and conclusory allegations are insufficient because they deprive Defendant of fair notice of the claims being asserted against him. <u>Fullman v. Graddick</u>, 739 F.2d 553, 556 (11th Cir. 1984) (holding vague and conclusory claims are subject to dismissal).

A plaintiff is required to provide a " 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

4

_Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit_, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163 (1993); see Fed.R.Civ.P. 8(a).[2] "'It is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of the what the plaintiff is complaining, and can see that there is some legal basis for recovery.'" _L.S.T., Inc. v. Crow_, 49 F.3d 679, 684 (11th Cir. 1995) (quoting Fullman, supra).  In the case at hand, the complete absence of any factual support showing what the "false allegation" was, how it was false, what Plaintiff's bail was, how it was excessive, and how Defendant Johnson can be personally connected to these alleged deprivations, which apparently led to Plaintiff's complained of incarceration, necessitates the dismissal of Plaintiff's claim for failure to state a claim upon which relief can be granted.  _Id_.; _see_ _Zatler v. Wainwright_, 802 F.2d 397, 401 (11th Cir. 1986) (a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a §1983 action).

The other claims brought by Plaintiff concern the conditions of Plaintiff's confinement at BCCC.  Plaintiff asserts that Defendant does not provide the "listed legal materials."  Aside from this bare assertion, Plaintiff has provided no other

5

information in support of his claim.  This vague allegation is not sufficient to state a claim for a denial of access to the courts.

**B.  Claim for Denial of Access to Courts.**

In order to state a claim for denial of access to the courts, a prisoner must establish that he has suffered an actual injury. <u>Lewis v. Casey</u>, 518 U.S. 343, 349-51, 116 S.Ct. 2174, 2179-80 (1996).  He may do this by showing that his efforts to pursue his action in court were impeded by an actual deficiency in the library or legal assistance program, <u>id.</u> at 351, 116 S.Ct. at 2180, or by an official's action, <u>Bass v. Singletary</u>, 143 F.3d 1442, 1445 (11th Cir. 1998).  Additionally, the underlying action must be demonstrated to be nonfrivolous and one that is related to the plaintiff's direct appeal of his conviction, to his habeas petition, or to his civil rights action vindicating a basic constitutional right.  <u>Lewis,</u> 518 U.S. at 354, 116 S.Ct. at 2181-82.

"Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  <u>Id</u>. at 355, 116 S.Ct. at 2182. That is, a prisoner "cannot merely allege a denial of access to a law library or adequate attorney," <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1291 (11th Cir. 1998) (quotation omitted), because a prisoner does not have a "free-standing right to a law library or legal assistance," <u>Lewis</u>, 518 U.S. at 351, 116 S.Ct. at 2180.

6

Plaintiff's assertion, in the case at hand, that "listed legal materials" were not provided to him is not of constitutional magnitude.  In the absence of an alleged injury, Plaintiff has failed to state a claim upon which relief can be granted.

**C.  Claims for Overcrowding and Sleeping on Floor.**

With respect to the conditions of his confinement, Plaintiff asserts that he slept on the floor.  No further information is provided in regard to this claim.  "[T]he Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400 (1981).  Prison conditions violate the Eighth Amendment only when they "involve the wanton and unnecessary infliction of pain." Id.  In order to prevail on an Eighth Amendment inhumane conditions of confinement claim, an inmate must make both an objective and a subjective showing.  This standard applies to a pretrial detainees' conditions of confinement claim under the Fourteenth Amendment as well. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 n.4 (11th Cir. 1995); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096 (1986).

The objective component requires the Court to look to "contemporary standards of decency," to determine whether the challenged conditions resulted in a deprivation of the "minimal civilized measure of life's necessities," Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399, or, at a minimum, of a "single human need," Wilson v. Seiter, 501 U.S. 294, 305, 111 S.Ct. 2321, 2327, (1991);

<u>Jordan v. Doe</u>, 38 F.3d 1559, 1565 (11th Cir. 1994).  Moreover, the challenged condition must be "extreme."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992).  "Nothing so amorphous as "overall condition" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."  <u>Wilson</u>, 501 U.S. at 305, 111 S.Ct. at 2327; <u>Jordan</u>, 38 F.3d at 1564.

The subjective component requires that the prison official have been "deliberately indifferent" to a substantial risk of serious harm.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 828-29, 114 S.Ct. 1970, 1974 (1994).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Id</u>. at 837, 114 S.Ct. at 1979.  Moreover, "[a] plaintiff must also show that the constitutional violation caused his injuries."  <u>Marsh v. Butler County, Ala</u>., 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc).

In the case sub judice, Plaintiff's bare assertion of "overcrowding" and his assertion that he was " put on floor for sleep" are not sufficient to make out a conditions of confinement claim.  These assertions do not indicate that Plaintiff suffered deprivation of a single human need.  In light of Plaintiff's

8

scant allegations regarding this claim, the Court is foregoing a discussion of the other deficiencies with this claim, and finds that Plaintiff has failed to state a claim upon which relief can be granted.

**D.  Claim for Inadequate Grievance Form.**

Plaintiff's assertions about the grievance form are also deficient.  The law is clear that an inmate is not entitled to a grievance procedure. *See* <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988).  Thus, the type of the grievance form used is not of constitutional magnitude. Consequently, this claim is frivolous.

**E.  Claim for Lack of Ventilation.**

In his revised Complaint, Plaintiff asserts that "during bad weather/power outage we were locked in cell without ventilation." This allegation fails to allege deliberate indifference, to show deprivation of a single human need, or connect any alleged deprivation to an injury.  Consequently, Plaintiff has failed to state a claim upon which relief can be granted. <u>Marsh</u>, 268 F.3d at 1028.

**F.  Claim Concerning Defendant's Non-Employment Activities.**

Plaintiff's allegation that Defendant participates in the occult or is a mason is not of constitutional magnitude. Accordingly, it is frivolous, and should be dismissed.

9

**G.  Claim for Inadequate Medical Form.**

Plaintiff also complains that the medical request form being utilized is inadequate because it permits BCCC to ignore the inmates and deprive them of proof that would establish that they have been ignored.  Plaintiff's assertions are inadequate.  "In order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976).  Plaintiff's nebulous allegations lack any factual support and thus fail to state a claim upon which relief can be granted.  Accordingly, this claim is due to be dismissed for failure to state a claim upon which relief can be granted.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this **27**[th] day of **June 2007.**

                    <u>     **/s/ SONJA F. BIVINS**     </u>
                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   <u>**Objection**</u>.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>**Transcript (applicable where proceedings tape recorded)**</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.